UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BRISTOL WEST INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:09-cv-59- SEB-WGH |
| vs. | ) | |
| | ) | |
| JIMMY L. CLARK and | ) | |
| ESTATE OF TANYA CLARK, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT**
(Docket No. 30)

This declaratory judgment action was filed by Plaintiff on May 4, 2009, to establish Plaintiff's obligations to Defendants under an automobile liability insurance policy. On May 10, 2010, Defendants were defaulted for their failure to appear and answer, and on September 27, 2010, a default judgment was entered in favor of Plaintiff.[1] Ten days later, on November 5, 2010, Defendants appeared by counsel and moved to set the judgment aside. Defendants' Motion to Set Aside/Vacate Default Judgment is now before the Court.

Rule 55(c) of the Federal Rules of Civil Procedure provides that the court "may set aside a default judgment under Rule 60(b)." Jimmy L. Clark argues that the default judgment entered in this case must be set aside under Rule 60(b)(4) because it is void. He contends that it is void because he never received service of the Summons and Complaint, either personally or on behalf of the Estate of Tanya Clark, and, therefore, the Court did not have personal jurisdiction over

---

[1] The default judgment declared simply that Plaintiff has no duty to defend and/or indemnify Defendants with respect to any claims filed on behalf of or against Defendants arising out of a certain motor vehicle collision.

Defendants. He states that in mid to late 2009, the Summons and Complaint were erroneously served upon his father, James Daniel Clark, at 584 N. 550 East in Peru, Indiana, which is the address of his childhood home, but a place he has not lived since he graduated from high school in 1980. [Affidavit of Jimmy Lynn Clark, ¶¶ 6 & 7.] He claims to know that the papers were served at his childhood home in mid to late 2009 because his father told him so. [Affidavit of Jimmy Lynn Clark, ¶ 6.] He asserts that in mid to late 2009, he lived at *446 East Main Street* in Peru, Indiana and should have been served at *that* address. [Affidavit of Jimmy Lynn Clark, ¶ 5.]

Plaintiff argues that the default judgment should not be set aside because Jimmy L. Clark's contention that he never received service of the Summons and Complaint is incredible and the relevant facts suggest that he has been trying to evade this lawsuit. Plaintiff asserts that Jimmy L. Clark has known about this litigation and his obligation to respond to it for quite some time as evidenced by: (1) the admission in his affidavit that he knew of the lawsuit in "mid to late 2009;" and (2) the fact that, sometime before September 9, 2009, Louisville, Kentucky attorney, Kevin M. Adams, contacted Plaintiff and advised Plaintiff that he would be representing Jimmy L. Clark in this action.[2] [Response Brief, ¶¶ 2 & 8; Affidavit of Jimmy Lynn Clark, ¶ 6; Exhibit at Docket No. 33-1.] Plaintiff further argues that because it had several communications with Attorney Adams about this lawsuit and sent him copies of all the filings in this case, including the Motion for Entry of Default and the Motion for Entry Judgment,[3] it is suspicious that Jimmy L. Clark appears only now, after a default judgment was entered against him, *by a new and entirely different lawyer*,

---

[2] Attorney Adams never filed an appearance in this case.

[3] The Court also observes that the Clerk's Office mailed copies of the March 10, 2010, Entry of Default directly to both Attorney Adams and to "Jimmy Clark, Jr." at 584 N. 550 East in Peru, Indiana. [Docket No. 26.]

Louisville, Kentucky attorney, Daniel J. Canon. [Response Brief, ¶¶ 2, 3 & 11.]

We agree with Plaintiff that it seems improbable that Jimmy L. Clark did not receive service of the Summons and Complaint in this action. Both the Court's docket and Plaintiff's response to the Motion to Set Aside/Vacate Default Judgment reveal Plaintiff's thorough and persistent efforts to perfect service upon Defendants. The docket reflects that on May 7, 2009, Plaintiff served Defendants at 584 N. 550 East in Peru, Indiana. [Docket No. 12.] Sometime thereafter, Louisville, Kentucky attorney, Kevin M. Adams, contacted Plaintiff, advised that he represented Jimmy L. Clark, and provided Plaintiff with a different address in Somerset, Kentucky at which to make service. [Docket No. 12 (filed on September 8, 2009, with a Certificate of Service reflecting the name of Kevin Adams, Esq); Docket No. 18; Response Brief, ¶¶ 2, 3, 4; and Exhibit at Docket No. 33-1.] At that point, Plaintiff attempted to serve Defendants at the Somerset, Kentucky address, but its certified mailings were returned as "undeliverable." [Response Brief, ¶ 4.] Plaintiff then hired a private investigator to locate Jimmy L. Clark. [Response Brief, ¶ 5.] The private investigator spoke to Jimmy L. Clark's father, James Daniel Clark, who gave every indication that Jimmy L. Clark did, in fact, live at 584 N. 550 East in Peru, Indiana and so, in January of 2010, Plaintiff served Defendants at 584 N. 550 East in Peru, Indiana a *second time*. [Affidavit of Michael Bauer, ¶ 4; Docket No. 23; Exhibit at Docket No. 33-3; and Exhibit at Docket No. 33-4.] However, because Plaintiff's private investigator also had information suggesting that, in January of 2010, Jimmy L. Clark was living at 456 E. 2nd Street in Peru, Indiana, Plaintiff served Defendants at that address, as well. [Affidavit of Michael Bauer, ¶¶ 5 & 6; Docket No. 23; Exhibit at Docket No. 33-3; and Exhibit at Docket No. 33-4.]

Although Jimmy L. Clark contends that all the while he lived at *446 East Main Street* in

3

Peru, Indiana, Plaintiff's private investigator never found any information suggesting that Jimmy L. Clark resided there. [Affidavit of Michael Bauer, ¶ 6.] Moreover, Jimmy L. Clark's affidavit is far from clear about the dates of his residency at that address. He attests that he "purchased" the home at 466 East Main Street in Peru, Indiana in October 2008, but he does not say when he actually took up residency there. [Affidavit of Jimmy Lynn Clark, ¶ 6.] He states only that he resides there "now" – "now" being September 8, 2010, the date that he signed his affidavit. [Affidavit of Jimmy Lynn Clark, ¶ 6.] The date of Jimmy L. Clark's affidavit raises additional questions. While the affidavit is dated September 8, 2010, Plaintiff did not move for, and the Court did not enter, the default judgment until *September 27, 2010.* Perhaps there is an explanation why the affidavit, apparently prepared for the purpose of setting aside the default judgment, was signed by Jimmy L. Clark approximately three (3) weeks *before* Plaintiff even moved for the entry of a default judgment, but that explanation has not been offered to the Court.

Notwithstanding our skepticism of Jimmy L. Clark's claim that he never received service of the Summons and Complaint, we are mindful that if a district court lacks personal jurisdiction over a defendant at the time a default judgment is entered, then the judgment is void and it is an abuse of discretion to deny the defendant's motion to vacate that judgment. Relational, LLC v. Hodges, 627 F3d. 668, 671 (7th Cir. 2010). We are also mindful that "[t]his Circuit has a well established policy favoring a trial on the merits over a default judgment" and that a default judgment is a "weapon of last resort, appropriate only when a party willfully disregards pending litigation." Sun v. Board of Trustees of University of Illinois, 473 F.3d 799, 811 (7th Cir. 2007). Because the facts here present a "close call" as to whether Jimmy L. Clark willfully disregarded this litigation, our skepticism must yield to the preference that cases proceed on their merits. Accordingly, we

4

**VACATE** the default judgment entered on January 27, 2010.

The Clerk is directed to **REOPEN** this case on the Court's docket. Defendants are **ORDERED** to file an answer to Plaintiff's Complaint on or before April 1, 2011, and the parties are **ORDERED** to confer and file a proposed Case Management Plan in accordance with the instructions on the Court's website at www.insd.uscourts.gov on or before April 15, 2011.

IT IS SO ORDERED.

Date: 03/25/2011

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

**Daniel J. Canon**
DANIEL J. CANON, P.S.C.
dan.canon@gmail.com,dan@tclaylaw.com

**Thomas Edward Rosta**
METZGER ROSTA LLP
Tom@metzgerrosta.com